**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ROLAND HAKOBYAN, | No.   18-70803 |
| Petitioner, | Agency No. A206-269-422 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2022**
Pasadena, California

Before:  IKUTA and NGUYEN, Circuit Judges, and DANIELS,*** District Judge.

Roland Hakobyan, a citizen of Armenia, petitions for review of a decision

by the Board of Immigration Appeals ("BIA") dismissing his appeal of an

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

immigration judge's ("IJ") denial of relief from removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Hakobyan was inconsistent in his statements as to the nature and frequency of the assaults he was subjected to in Armenia and belatedly disclosed events significant to his claim of persecution. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926–27 (9th Cir. 2020) (holding that non-trivial inconsistencies in testimony and omissions of compelling facts are probative of a petitioner's credibility). Hakobyan's "inability to consistently describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). Additionally, the agency reasonably relied on Hakobyan's inconsistent statements as to whether he had children and describing his military experience. These inconsistencies are not so trivial as to have no bearing on his credibility. *See Li v. Garland,* 13 F.4th 954, 961 (9th Cir. 2021) (noting that "even minor inconsistencies may have a legitimate impact on a petitioner's credibility").

Hakobyan's explanations for the numerous inconsistencies and omissions do not compel a contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

Without credible testimony or corroborating evidence, Hakobyan does not meet his burden of proof on his claims for asylum and withholding of removal. *See Mukulumbutu*, 977 F.3d at 927.[1]  Therefore, we do not consider the IJ's alternate determination that Hakobyan did not establish that it would be unreasonable for him to relocate within Armenia.

**PETITION DENIED.**

---

[1] Hakobyan does not specifically and distinctly raise the denial of his claim for relief under the Convention Against Torture in his Opening Brief and has accordingly forfeited that claim.  *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).